In the Matter of WILMER HILL GRIER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 12, 1989

### APPEARANCES OF COUNSEL

*Sarah Diane McShea* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Wilmer Hill Grier,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent Wilmer Hill Grier was admitted to the practice of law in New York by the First Judicial Department on October 10, 1972. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

On February 19, 1987, an indictment was filed against respondent in the Supreme Court of the State of New York, New York County, charging her with one felony count of forgery in the second degree, in violation of New York Penal Law § 170.10, and one felony count of criminal possession of a forged instrument in the second degree, in violation of New York Penal Law § 170.25.

On May 17, 1987, respondent pleaded guilty to the charge of forgery in the third degree, in violation of New York Penal Law § 170.05, a class A misdemeanor. She was sentenced to a conditional discharge and a $1,000 fine.

Petitioner, Departmental Disciplinary Committee for the First Judicial Department, now seeks an order determining that the crime of which respondent has been convicted is a "serious crime" within the meaning of Judiciary Law § 90 (4) (d), suspending respondent from the practice of law in New York pursuant to Judiciary Law § 90 (4) (f), and directing respondent to show cause why a final order of censure, suspension or removal from office should not occur pursuant to Judiciary Law § 90 (4) (g).

In addition, the Committee points out that respondent has neither filed with this court a copy of the judgment of conviction nor advised the Committee of her criminal conviction in violation of Judiciary Law § 90 (4) (c) and 22 NYCRR 603.12 (f). As noted by the Committee, this omission constitutes an independent and separate instance of professional misconduct.

In response to the Committee's petition, respondent has submitted an affirmation, dated October 1, 1988, in which she explains the circumstances under which she submitted an altered check in the amount of $99,107.22 to Chusid Associates. In December 1983, respondent attempted to purchase an apartment located at 410 Central Park West, New York, New York, for a purchase price of $76,000. She was unable to obtain a bank loan, however, and consequently, she lost her down payment to the owners. Respondent remained in the apartment until her lease expired, at which time the owners

commenced a holdover proceeding against her. Again, respondent attempted to purchase her apartment. She agreed to pay the sum of $110,000, and on September 15, 1986, she made a down payment of $8,000. She then had until October 31, 1986 to obtain a bank loan. Once again, however, she was unable to do so, and again she forfeited her down payment to the owners.

Respondent states that she was given five days to move out. Since she worked out of her apartment and had no place to go, she requested a three-week extension. When the owners denied that request, respondent altered the check for the balance of the purchase price. She claims that she did this "to buy * * * time to find a place to move," and adds, "it was the act of a silly desperate woman". Respondent concludes, "I expect you to do whatever you plan to do to me. That I am not sorry, I no longer have the need or desire to live in this city where people can be exploited and be made homeless."

Judiciary Law § 90 (4) (d) provides, in pertinent part, that the term "serious crime" shall mean: "any * * * crime a necessary element of which, as determined by statutory or common law definition of such crime, includes interference with the administration of justice, false swearing, misrepresentation, *fraud,* willful failure to file income tax returns, *deceit,* bribery, extortion" (emphasis added). Section 603.12 (b) of this court's rules (22 NYCRR) similarly includes in the term "serious crime" any offense "a necessary element of which * * * involves * * * fraud, [or] * * * deceit".

The crime respondent stands convicted of, forgery in the third degree, is defined in New York Penal Law § 170.05 as follows: "A person is guilty of forgery in the third degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument." Clearly, the crime respondent was convicted of is a "serious crime" as that term is defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), in view of the fact that a necessary element of the crime involves fraud or deceit.

Judiciary Law § 90 (4) (f) provides that an attorney convicted of a "serious crime" shall be suspended on an interim basis until a final order is issued. Suspension may be set aside only upon good cause shown, "when it appears consistent with the maintenance of the integrity and honor of the profession, the protection of the public and the interest of justice." (Judiciary Law § 90 [4] [f].) Here, respondent has not demon-

strated good cause for setting aside the suspension mandated by law. To the contrary, respondent states that she is not sorry for what she has done and apparently believes she was justified in altering the check. Under these circumstances, petitioner's motion should be granted in full.

Accordingly, respondent is suspended from the practice of law forthwith, and directed to show cause within 30 days why a final order of censure, suspension or disbarment should not be entered.

MURPHY, P. J., CARRO, MILONAS, ROSENBERGER and WALLACH, JJ., concur.

Respondent is ordered to show cause why a final order of suspension, censure or removal from office should not be made and, pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this court.